Mark Glendon Parenti, Parenti Law, P.L.L.C., Houston, TX, for Petitioner-Appellant

Marlon Dantruce Williams, Pro Se

Casey Leigh Jackson Solomon, Assistant Attorney General, Office of the Attorney General, Postconviction Litigation Division, Austin, TX, Joseph Peter Corcoran, Assistant Attorney General, Office of the Attorney General, Criminal Appeals Division, Austin, TX, for Respondent-Appellee

Before JOLLY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

IT IS ORDERED that Appellee Lorie Davis's unopposed motion to cancel oral argument is GRANTED.

IT IS FURTHER ORDERED that Appellee Lorie Davis's unopposed motion to waive the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(3) with respect to those claims that were raised in Appellant Marlon Dantruce Williams's state habeas application is GRANTED.

IT IS FURTHER ORDERED that the district court's judgment is VACATED, and this case is REMANDED to the district court to review Appellant Marlon Dantruce Williams's federal habeas application on the merits with respect to those claims that were raised in Appellant's state habeas application. This is a full remand. We place no limit on the matters that the district court may address, as needed, and we express no view on what rulings that court should make.

Patricia A. COX, Plaintiff-Appellant

v.

DESOTO COUNTY JAIL OF HERNANDO; State of Mississippi; Medical Staff and Police Officers, DeSoto County Jail of Hernando, Mississippi; Sergeant Ferguson; Brandon; Sherri; Walter; Patricia; Lieutenant Blondee, Defendants-Appellees

No. 15-60421
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed December 29, 2016

---

**450**

Patricia A. Cox, Pro Se

Daniel J. Griffith, Esq., Jacks Griffith Luciano, P.A., Cleveland, MS, Michael Stephen Carr, Esq., Carr & Calderon, Cleveland, MS, for Defendants-Appellees

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM: *

Patricia Cox filed this suit to challenge alleged violations of her rights that occurred while she was jailed. The district court dismissed the suit after determining, inter alia, that she had failed to serve the defendants with process. Cox does not address the propriety of the district court's conclusion that the suit should be dismissed for want of service. Because Cox has failed to identify any error in the district court's analysis of the question whether her suit should be dismissed for want of service, she has waived this issue. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court's judgment is AFFIRMED, and Cox's request for appointed counsel is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

